UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARQUISHA L. LOFTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17-cv-334-PPS-MGG |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Marquisha L. Loftin appeals the denial of her application for Social Security Disability Benefits. An administrative law judge found that Loftin was not disabled. Because I agree with Loftin that the ALJ's decision did not provide a sufficient basis for rejecting the opinions of the state agency medical consultants, I will reverse the ALJ's decision and order a remand so that Loftin's application may be further considered.

## **Background**

In her application for disability benefits, Loftin alleged a disability onset date of May 30, 2014.[1] [A.R. 20.] Loftin had previously been denied disability benefits in an earlier application. At the time of her hearing on her current claim for benefits, Loftin was 28 years old and testified that she had an eleventh grade education. [*Id.* at 49.]

---

[1]The Administrative Record (A.R.) in this case is found at Docket Entry #12. Citations in this opinion will be to the page number in the lower right hand corner of the A.R.

Loftin alleged she was disabled on account of her sickle cell anemia, two hip replacements, and need for shoulder surgery. [*Id.* at 25.] In November 2014, she reported increased pain, lightheadedness, weakness, and dizziness which were exasperated by routine daily activities. [*Id.*] Loftin testified at her hearing that her pain had progressed to the point where she was unable to perform most daily activities, including cleaning, cooking, dressing herself, caring for her children, or driving to doctors appointments without the daily assistance of family members and friends. [*Id.* at 48, 65.]

In the written decision denying benefits, the ALJ followed the familiar five-step process used to evaluate claims for disability. At step one, the ALJ determined that Loftin had not engaged in substantial gainful activity since the alleged onset date. [A.R. at 22.] At step two, the ALJ found the following severe impairments: "sickle cell disease; osteoarthritis; a history of bilateral hip replacement; and avascular necrosis of the bilateral shoulders status post right shoulder hemiarthroplasty." [*Id.* at 23.] But at step three, the ALJ determined that these impairments, separate or combined, did not meet or equal any of the applicable Social Security listings. [*Id.*]

At step four, the ALJ assessed a residual functional capacity ("RFC") and found that Loftin could not perform any of her past relevant work, but that she did have the RFC to perform light work. [*Id.* at 28.] The decision that Loftin can perform light work is the principal issue in this appeal. This is because if she can do light work, there are an

abundance of jobs in the national economy that Loftin can perform, according to the testimony of a vocational expert. [*Id.* at 29-30.]

## Discussion

The Commissioner's factual findings shall be conclusive if they are supported by substantial evidence. 42 U.S.C. §405(g). Loftin argues that the ALJ's rejection of the opinions of the consulting state agency physicians that Loftin can only stand or walk for two hours during an eight-hour workday is not supported by substantial evidence. This is important because, had this opinion been accepted by the ALJ, Loftin would have been unable to perform light work thus making the ALJ's RFC determination an error.

Here's how the matter developed in the administrative proceedings: the consulting physicians, Drs. Hasanadka and Brill, opined that given Loftin's physical ailments, she can only stand or walk for two hours during an eight-hour workday. The ALJ rejected this component of the medical opinion and found it to be "no longer fully consistent with the medical evidence." [A.R. at 28.] In doing so, the ALJ stated as follows:

> However, Drs. Hasanadka and Brill's assessment that the claimant could only stand or walk for two hours during an eight-hour workday is no longer fully consistent with the medical evidence showing that the claimant has experienced a general increase in mobility and lower extremity functioning since her bilateral hip replacement, more fully discussed in the prior Administrative Law Judge hearing decision. The clinical findings over multiple exams consistently show that the claimant had full strength, good range of motion, and intact sensation in the lower extremities, and did not require an

3

> assistive device for ambulation. Therefore, the undersigned gave only partial weight to the opinions of Drs. Hasanadka and Brill.

[A.R. 28 (citations to exhibits omitted).] Loftin argues that by discounting the opinions of these consulting physicians, the ALJ improperly found she could stand or walk for more than two hours per work day as part of the RFC determination.

The Commissioner counters that the ALJ's opinion should be read not to affirmatively indicate that Loftin can stand or walk for six hours per eight-hour work day, but instead merely to reject the state agency physicians' opinions. [DE 21 at 6-7.] This is a curious argument, given that if it were accepted, it would undermine the ALJ's determination and ruling, as there would be a missing piece in the RFC determination. It would omit what capacity Loftin had to stand or walk during the course of a typical work day, a key component of the RFC determination. Despite the Commissioner's position that I read the ALJ's opinion to find that there was no hours determination made, the more natural reading of the ALJ's opinion is to the contrary. It seems clear to me that in rejecting the state agency physicians' medical opinions the ALJ was necessarily finding that Loftin could stand or walk for more than two hours per eight-hour workday.

This reading is further confirmed by the ALJ's RFC determination itself. The ALJ's RFC determination limited Loftin to "light work." Under the relevant Social Security Ruling, light work is defined as requiring "a good deal of walking or standing" and "[r]elatively few unskilled light jobs are performed in a seated position." S.S.R. 83-

10; 20 C.F.R. § 404.1567(b) ("a job is in this category when it requires a good deal of walking or standing . . . "); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) ("According to Social Security regulations, 'light work' is generally characterized as . . . standing or walking, off and on, for six hours during an eight-hour workday . . . "). Lastly, the ALJ's inclusion of a limitation that Loftin would need to alternate between sitting and standing every twenty minutes in her RFC determination suggests the ALJ determined that Loftin could stand for approximately four hours of an eight-hour work day. [A.R. 24.]

So it is clear that the ALJ rejected the state agency physicians' opinions on how many hours per day Loftin can stand or walk. The issue thus become whether the ALJ did so with a sufficient evidentiary basis. *See Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995) (reversing where "the facts on which the administrative law judge relied to contradict [the opinions of a consulting physician] are singly and together unimpressive").

The parties dispute whether or not the ALJ improperly relied upon a prior ALJ's decision when rendering the present decision. Here again, the ALJ's opinion is potentially ambiguous. The ALJ wrote that Loftin "has experienced a general increase in mobility and lower extremity functioning since her bilateral hip replacement, more fully discussed in the prior Administrative Law Judge hearing decision." [A.R. at 28.] The Commissioner argues that the prior decision was referenced merely as a supporting citation for the fact that Loftin had a bilateral hip replacement and has nothing to do

with Loftin's physical limitations or functioning. This reading strikes me as implausible, as a citation to actual medical records—as the ALJ did throughout the rest her opinion—would make much more sense if that was the ALJ's intention. It thus seems likely that the ALJ used the prior decision, which was rendered before the state agency physicians' medical opinion, as a basis to reject the state agency physicians' medical opinions. But regardless, if that is what the ALJ meant, it should be made explicit, because the prior ALJ decision does not provide a basis which would allow for the current ALJ to draw such a conclusion. The prior ALJ decision included an RFC lower than what was assigned in the decision before me, *i.e.,* it limited Loftin to only sedentary work, not light work as the ALJ did here. [A.R. at 88.] And as discussed below, the other cited medical evidence does not adequately support the ALJ's conclusion to reject the consulting physicians' medical opinions.

Loftin further argues that the ALJ's rejection of the consulting medical opinion was improper because the ALJ's opinion does not refer to any conflicting medical opinion or note specific evidence which was contrary to the opinions (and thus serve as a justification for rejecting them). While this is not entirely true, as the ALJ does cite to certain underlying medical records [*see* A.R. at 28 (citing medical records)], Loftin is correct that the ALJ did not provide a sufficient basis to find that the medical records contradicted the opinions of the consulting physicians. S.S.R. 96-8p ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must

6

explain why the opinion was not adopted."). Here, the ALJ appears to have cherry-picked medical records suggesting some areas of improvement in Loftin's physical abilities as conclusive evidence by which to reject the consulting physicians' medical opinions. This is impermissible. *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion.").

In addition, it appears the ALJ may have simply substituted her own opinion for that of the state agency physicians. And she did so without a sufficient evidentiary basis. This too is impermissible under controlling precedent, as "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *Israel v. Colvin*, 840 F.3d 432, 439 (7th Cir. 2016) ("[T]here is always a danger when lawyers and judges attempt to interpret medical reports[.]").

Finally, at least some of the medical records cited by the ALJ appear to contradict the ALJ's conclusion (and thus support the opinions of the consulting physicians). Specifically, the ALJ wrote that "clinical findings over multiple exams show . . . good range of motion . . . in the lower extremities." [A.R. 28.] But the medical records cited by the ALJ in fact state that Loftin experienced "pain and tenderness in bilateral hips with ***decreased*** range of motion." [A.R. at 423 (emphasis added).] The ALJ nonetheless rejected the medical opinion of Drs. Hasanadka and Brill that Loftin could only stand or walk for two hours of an eight-hour work day based upon what she saw as improvement in Loftin. But by failing to explain why or offering a sufficient evidentiary

7

basis for doing so, the ALJ failed to construct the required logical bridge between the evidence and her conclusion. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("The ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion."). On remand, the ALJ need not definitively accept the state agency physicians' opinions but if she does not, she must provide a satisfactory evidentiary basis as to why she is rejecting them.

**Conclusion**

The final decision of the Commissioner of Social Security denying plaintiff Marquisha L. Loftin's application for Social Security Disability Insurance Benefits is **REVERSED.** The case is **REMANDED** to the ALJ for further consideration consistent with this opinion.

**SO ORDERED** on July 25, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT